IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JCM 082763, LLC,

                    Plaintiff,

        vs.                                          Case No. 12-1451-SAC

HEINEN BROS. AGRA SERVICES, INC.,

                    Defendant.


MEMORANDUM AND ORDER

        The case comes before the court on the defendant Heinen Bros.

Agra Services, Inc.'s ("Heinen Bros.") motion to dismiss for lack of subject

matter jurisdiction and, in the alternative, to dismiss for lack of capacity to

sue. (Dk. 17). The plaintiff JCM 082763, LLC ("JCM Florida") is a limited

liability company "authorized and existing under the laws of the state of

Florida." (Dk. 1, ¶ 1).  As the owner and operator of a hunting lodge and

outfitting business on property in Chautauqua County, Kansas, JCM brings

this action alleging the Heinen Bros. aerially applied a herbicide on abutting

land that drifted onto plaintiff's property and killed a large amount of trees

with a value in excess of $100,000. *Id.* at ¶¶ 5-7. Relying on the Anti-

Collusion provision at 28 U.S.C. § 1359, Heinen Bros. argue JCM Florida

acquired the subject property from JCM, LLC, a Kansas company, just a

month before filing suit in order to create "false diversity jurisdiction."

Alternatively, Heinen Bros. contends JCM Florida did not register in Kansas

as a foreign business until January 9, 2013, despite operating the hunting lodge since November of 2012 and filing this lawsuit in December 2012.

**DIVERSITY JURISDICTION**

The complaint alleges diversity jurisdiction in that the plaintiff is a limited liability company under Florida law and the defendant is a corporation under Kansas law. (Dk. 1, ¶¶ 1-3). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While this rule is relevant in determining the defendant's citizenship, it is not the rule recognized in this district for determining the citizenship of a limited liability company. Despite the absence of a Supreme Court or Tenth Circuit decision, the consensus among federal district courts in Kansas and the Tenth Circuit and throughout the circuits is that "a limited liability company is a citizen of each state of which a member is a citizen." *Amco Ins. Co. v. Mark's Custom Signs, Inc.*, 2012 WL 1721896 at *1 (D. Kan. May 15, 2012)*; See THI of New Mexico at Hobbs Center, LLC v. Patton*, 851 F. Supp. 2d 1281, 1285 (D.N.M. 2011); *Makris v. Tindall*, 2013 WL 1222372 at *3 (D. Colo. 2013); *Chart Energy & Chemicals, Inc. v. OGE Energy Corp.*, 2013 WL 2153592 at *1 n.1 (W.D. Okla. 2013) (citing *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Gen. Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004); *GMAC Commercial Credit LLC*

*v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828–29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)); *see also*, *Flintlock Const. Services, LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013); *Pramco, LLC ex rel. CFSC Consortium v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006).

The court will not address the defendant's arguments pursuant to the anti-collusion provisions of 28 U.S.C. § 1359, as they are wrongly premised on determining the plaintiff's citizenship as if it were a corporation. The plaintiff's complaint, however, is deficient in alleging subject matter jurisdiction. Because the complaint does not identify the members of the plaintiff JCM Florida and does not allege the citizenship of each member, it does not allege a sufficient basis for diversity jurisdiction. It appears from the attachments accompanying the motion and memoranda that the plaintiff may be able to amend its complaint to allege diversity jurisdiction. The court will grant the plaintiff ten days from the date of this order to file an amended complaint that properly alleges subject matter jurisdiction. Absent the timely filing of an amended complaint that cures this deficiency, this action will be dismissed without prejudice.

**LACK OF CAPACITY TO SUE**

Though the matter of subject matter jurisdiction remains unsettled, the court will address briefly the issues raised in the defendant's alternative argument for dismissal based on plaintiff's compliance with the Kansas Closed-Door Statute, K.S.A. § 17-7307. Jerry Meacham, owner, manager or member of JCM Florida has averred that he filed a form correcting the JCM Florida's start of business date in Kansas to be November 6, 2012. The defendant in reply submits counsel's affidavit that a check of the Kansas Secretary of State's website still shows an erroneous date. The court went to the same website and found the plaintiff's "certificate of correction" was filed with the Secretary on April 20, 2013. The website does not indicate that the plaintiff's certificate was incomplete, pending or unacceptable. The defendant offers the court no cogent reason for believing that the plaintiff must do more in order to comply fully with the Kansas Closed-Door Statute.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction and, in the alternative, to dismiss for lack of capacity to sue (Dk. 17) is denied for the reasons stated above;

IT IS FURTHER ORDERED that because the plaintiff's complaint fails to allege the facts sufficient to support diversity jurisdiction, in that it does not identify the members of the plaintiff JCM Florida and does not

allege the citizenship of each member, the plaintiff is given ten days from the date of this order to file an amended complaint that properly alleges subject matter jurisdiction. Absent the timely filing of an amended complaint, the action will be dismissed without prejudice.

Dated this 29th day of May, 2013, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge