**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JCM 082763, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-1451-SAC |
| | ) |
| HEINEN BROS. AGRA SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Substitute (ECF No. 28). Defendant has filed a response opposing the motion. For the reasons stated below, the motion is granted.

Plaintiff seeks to substitute JCM, LLC for its current named prosecuting party, JCM 082763, LLC, and to also add Jerry Meacham as plaintiffs. Defendant opposes the motion on the grounds that it is untimely and the claim was extinguished. Fed. R. Civ. P. 17 governs the procedure for substituting parties.[1]

### I.   BACKGROUND

The allegations giving rise to the suit occurred on property owned at the time by Jerry Meacham's former company, JCM, LLC. According to Plaintiff's motion, JCM forfeited its status as a limited liability company on July 15, 2012, when it failed to file its 2011 Annual Report with the Kansas Secretary of State. After JCC, LLC lost its business-entity status, Jerry Meacham transferred the property at issue to his "new" company, JCM 082763, LLC, without counsel on November 14, 2012.[2] Mr. Meacham claims he made this transfer because he wanted the property to be held by a Florida limited liability company; he wanted the company holding

---

[1] Fed. R. Civ. P. 17(a)(3).

[2] Defendants dispute whether this transaction occurred without counsel. Def.'s Resp. to Pl.'s Mot. to Substitute at 5, ECF No. 30 (citing Ex. D, ¶ 7–8).

the land to be based in the state of his residence, where his other companies are based, and where his family, his counsel, and his accountant reside. Mr. Meacham was the sole member and shareholder of both limited liability corporations. Plaintiff's counsel states that he did not know of this transaction until Mr. Meacham's deposition. Upon this discovery, they reinstated the business-entity status for JCM, LLC on June 4, 2013. Plaintiff now seeks to substitute JCM, LLC with the current named prosecuting party, JCM 082763, LLC, and to add Jerry Meacham as an additional prosecuting party, to ensure that the suit is brought by the real party in interest. However, Plaintiffs' counsel has not yet determined which party is the correct real party in interest.

## II. TIMELINESS

Defendant opposes the Motion to Substitute because the scheduling order's deadline to "join additional parties or otherwise amend the pleadings" has already passed.[3] That provision is aimed at substantive amendments under Rule 15, not at substitution under Rule 17. Defendant fails to cite, and the Court could not locate, any authority for prohibiting substitution based on a scheduling order deadline. Furthermore, federal procedural law prefers amendments over dismissals.[4] Accordingly, the Court will not prohibit the proposed amendment on the ground that it is untimely under the scheduling order.

## III. SUBSTITUTION

Fed. R. Civ. P. 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest."[5] When a claimant fails to name the real party in interest, the court must allow a reasonable time for ratification, joinder, or substitution of the real party in interest before

---

[3] Def.'s Resp. to Pl.'s Mot. to Substitute at 1, ECF No. 30.

[4] *Booth v. Davis*, No. 10-CV-4010-SAC, 2010 WL 4160116, at *4 (D. Kan. Aug. 31, 2010).
[5] Fed. R. Civ. P. 17(a)(1).

dismissing the action.[6]  After correcting the mistake in a reasonable time through "ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."[7]  The purpose of substitution is to "prevent forfeiture when it is difficult to determine the proper party to sue or when an understandable mistake has been made."[8]  It also protects defendants against subsequent actions by the party entitled to recover.[9]

The Tenth Circuit requires plaintiffs to show that the mistake in naming the real party in interest was honest and that the defendant was not prejudiced by it.[10]  An honest mistake is determined by examining whether the plaintiff engaged in deliberate tactical maneuvering when it failed to name the real party in interest originally.[11]  The mistake need not be "understandable" if the evidence shows it was made in good faith.[12]  However, the evidence may show that the mistake in naming the plaintiff was "so inexplicable and irrational as to raise an inference that it was not an 'honest mistake.'"[13]  A defendant is not prejudiced when the change is merely formal and does not affect the complaint's factual allegations or change the issues in the case.[14]

Plaintiffs' counsel satisfies the two requirements for substitution.  The failure to name the real party in interest appears to be an honest mistake because Plaintiff's counsel did not know of the forfeiture of JCM, LLC's business-entity status and the subsequent property transaction until

---

[6] Fed. R. Civ. P. 17(a)(3).

[7] Fed. R. Civ. P. 17(a)(3).

[8] 4-17 RICHARD D. FREER, MOORE'S FEDERAL PRACTICE - CIVIL § 17.12(1)(a) para. 1 (2013) (citing Fed. R. Civ. P. 17 advisory committee's note to the 1966 amendment).

[9] *Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (citing Fed. R. Civ. P. 17 advisory committee's note to the 1966 amendment).

[10]  *Esposito v. U.S.*, 368 F.3d 1271, 1276 (10th Cir. 2004).

[11] *Hjersted Family Ltd. P'ship v. Hallauer*, No. 06-2229-CM, 2009 WL 348275, at *2 (D. Kan. Feb. 11, 2009).

[12] *Esposito*, 368 F.3d at 1276.

[13] *Id.* at 1276–77.

[14] *Metro. Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir. 1971).

Meacham's deposition.  Additionally, the substitution would not prejudice Defendant because it does not change the facts or issues outlined in the complaint.  As a result, JCM, LLC and Jerry Meacham shall be substituted for the current named prosecuting party, JCM 082763, LLC.

Defendant also contends that neither Jerry Meacham nor JCM, LLC are the real party in interest because the tort claim was extinguished upon the transfer of the property.[15]  This argument is more appropriately raised in the context of a dispositive motion. The only issue presently before the court is whether to allow substitution. Because Plaintiff has shown an honest mistake in naming the incorrect party and that Defendant would not be prejudiced, the Court grants the motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Substitute (ECF No. 28) is granted. The Clerk's Office is directed to add JCM, LLC and Jerry Meacham as plaintiffs and to terminate JCM 082763, LLC as a plaintiff.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[15] Def.'s Resp. to Pl.'s Mot. to Substitute at 3, ECF No. 30.